## KENTUCKY CENT. R. Co. *v.* MAGGIE CAREY.

[Abstract Kentucky Law Reporter, Vol. 5—512, 514.]

### Continuance on Account of Absent Witness.

Where an action for damages for a personal injury was begun on July 25, and called for trial Aug. 9, 1881, and the physician who treated the injury was not present at the trial and the party requiring his evidence had no opportunity to have him subpoenaed or to take his deposition, who if present would testify that the injuries received were very slight, the continuance ought to have been granted on the application of the defendant.

### Incompetent Evidence.

In the trial of a suit for damages for personal injuries, evidence is incompetent to show an effort was made to settle and compromise the claim or that an offer of compromise was made.

APPEAL FROM KENTON CIRCUIT COURT.

December 15, 1883.

OPINION BY JUDGE LEWIS:

This action was brought July 25, 1881, and called for trial August 9, 1881, when appellant moved for a continuance and supported its motion by an affidavit. It is stated in the affidavit that the person on account of whose absence the continuance was asked was the physician who attended appellee, the plaintiff, from the date of the injury complained of until she had so far recovered as no longer to require the attendance of a physician, and that he would testify as a witness that the injuries received by the plaintiff were very slight and not at all serious, etc.

As the absent witness was qualified to testify intelligently and probably more satisfactorily than any other person as to the nature and extent of the injuries received by the plaintiff, which was the principal question in the case, and as the defendant did not have an

opportunity after the action was commenced to either take the deposition of the absent witness or to have a subpoena served upon him, the motion for a continuance ought to have been sustained.

Upon the cross-examination of the plaintiff in the action as a witness she stated that Dr. Kearns, who appears to have been employed as a physician by appellant, visited her to compromise with her for appellant, the railroad company. Whether this question was in response to a question by appellant's counsel does not appear, nor was any objection made to it at the time. Afterwards Dr. Kearns was introduced as a witness by appellant, and upon cross-examination by appellee stated that he did not offer to make any settlement with her, had no authority to do so and did not attempt to; that then there was some talk about a settlement but he did not advise her to make the settlement she said had been offered her, or any settlement offered by appellant.

Upon the conclusion of the evidence on behalf of appellant, the defendant, the plaintiff was recalled and permitted by the court in answer to her counsel, and over the objection of defendant, to testify that Dr. Kearns had asked her what the company offered to pay her and that she had answered $50 and her doctor bill, but thought too much of herself to take so little and considered it an insult, and that Dr. Kearns then told her she had better take it because the managers of the company were going away; that she replied that she supposed the road would stay; that Dr. Kearns rejoined that if she did not take it the company would law her for three or four years and she might never get anything. In overruling the objection the court stated that the above proof might be made to show the state of mind of Dr. Kearns only.

The entire statement of the plaintiff was irrelevant, and instead of evidencing in a legitimate way the state of feeling of Dr. Kearns it had the effect of prejudicing in an improper way the rights of appellant. It was not competent to prove anything in respect to a proposed compromise, if at all, by the loose declarations or admissions of a physician in no way authorized to speak for appellant in regard thereto, much less was it competent to bring before the jury the opinion of the physician as to how long the appellant would continue the litigation. All the evidence in regard to the alleged proposition to compromise and in regard to what took place between the plaintiff and the physician, as that subject was brought out by the

plaintiff in the action, and whatever may have been the intention of introducing such evidence, was improper and tended to defeat a fair trial, and was used by the attorney for the plaintiff in his argument to the jury in a manner calculated to prejudice the minds of the jury. Whether the portion of that agreement referred to in the bill of exceptions and assignment of errors constitutes a sufficient ground for reversal can not be considered because no objection appears to have been offered to it at the time it was being made, nor any appeal to the court to put a stop to it.

It is assigned as an error that the court refused to order that the plaintiff should allow the witnesses, Drs. Kearns and Rowan, both introduced as witnesses by appellant, to examine the injury appellee stated in her testimony she had received on her back other than the burn or scald, privately, so that they might testify as to its character. It is not necessary to determine whether or not appellee should have been required to submit to a private examination of her person, for the persons both being witnesses for appellant were not the proper persons to make the examination, even if it was considered necessary for the ends of justice that one should be made.

We perceive no rror to the prejudice of appellant in the instructions given in this case. But for the errors mentioned the judgment of the court below must be *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*O'Hara & Bryan, for appellant.*

*T. F. Hallam, for appellee.*